Amanbir KAUR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73191.

Agency No. A76–671–731.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 10, 2003.

---

Hardeep Singh Rai, Law Office of Hardeep S. Rai, Earle A. Sylva, George T. Heridis, Rai Law & Associates, PC, Amanbir Kaur, pro se, Jagdip Singh Sekhon, Sekhon & Sekhon, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Office of Immigration Litigation, Civil Division, Department of Justice, James E. Grimes, Office of Immigration Litigation, Ben Franklin Station—Civil Division, Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Appellant Amanbir Kaur, a native and citizen of India, petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of deportation. We have jurisdiction under Section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105a(a), as amended by Section 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"). *See* IIRIRA § 309(c)(4); *Kalaw v. INS*, 133 F.3d 1147,

1150 (9th Cir.1997). We grant the petition for review.

We may reverse the BIA's decision if it is not supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We conclude that substantial evidence does not support the BIA's determination that the government rebutted the presumption of a well-founded fear of future persecution.

The immigration judge found that Kaur suffered past persecution, which gives rise to a presumption of a well-founded fear of future persecution. "Evidence presented by the INS to rebut the presumption must be tailored to the applicant: Information about general changes in the country is not sufficient." *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 997 (9th Cir.2003) (internal quotation marks omitted); *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998). The country conditions report referred to changes in India that had occurred by 1993, yet Kaur suffered her persecution in 1995 and 1996. Moreover, improvements in Punjab cited in the report were of a general nature; Kaur was targeted for persecution because of unusual circumstances, unique to her, not addressed by the country conditions report.

The evidence showed that the police doggedly searched for Kaur for at least as long as she remained in India. First, they tracked her down in Delhi and brought her back home. After Kaur fled her hometown again, the police once more went looking for her. That the police eventually quit looking for Kaur at her father's home—where they tried to, but could not, find her—does not prove that they lost interest in her.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because there was insufficient evidence to rebut the presumption of a well-founded fear of future persecution, we grant Kaur's petition for review and remand this case back to the BIA to reconsider her application for asylum and or withholding of deportation consistent with this decision.

PETITION GRANTED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.